IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KEAVON LEVAR ROYSTER,          )
                               )
               Petitioner,     )
                               )
     v.                        )        1:15CV342
                               )
FRANK L. PERRY,                )
                               )
               Respondent.     )
```

## MEMORANDUM OPINION AND RECOMMENDATION

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus via 28 U.S.C. § 2254. (Docket Entry 2.) For the reasons that follow, the Court should deny the Petition as time-barred.

### I. Background

On January 22, 2008, Petitioner pleaded guilty in the Superior Court of Person County to two counts of assault with a deadly weapon with intent to kill inflicting serious injury and one count of robbery with a dangerous weapon in case numbers 07CRS1362, 07CRS50713, and 07CRS51690, and (as provided in his plea agreement) received a consolidated prison sentence of 121 to 155 months. (Docket Entry 2, ¶¶ 1, 2, 4-6; Docket Entry 6, Exs. 1, 2.) He did not appeal. (Docket Entry 2, ¶ 8.)

In a Motion for Appropriate Relief ("MAR"), dated as signed on January 14, 2009, and stamped-filed in the Superior Court on January 16, 2009, Petitioner sought collateral relief. (Id., ¶ 11(a)(1)-(5); Docket Entry 6, Ex. 5.) By order dated March 9, 2009, the Superior Court denied that MAR. (Docket Entry 2, ¶ 11(a)(7); Docket Entry 6, Ex. 6.) The Petition alleges that

Petitioner presented the same issues he had raised in his foregoing MAR in a subsequent petition for writ of certiorari to the North Carolina Court of Appeals (compare Docket Entry 2, ¶ 11(a)(5), with id., ¶ 11(b)(5));[1] however, Petitioner did not file that certiorari petition until April 2, 2015 (id., ¶ 11(b)(3); see also id., ¶ 12(Ground One)(d), (Ground Two)(d), (Ground Three(d), & (Ground Four)(d) (describing certiorari petition denied by the North Carolina Court of Appeals on April 17, 2015, as "appeal" of Superior Court's denial of MAR on March 9, 2009); Docket Entry 6, Ex. 9 (reflecting signature date on certiorari petition of March 30, 2015)).[2] The North Carolina Court of Appeals denied that certiorari petition by order dated April 17, 2015. (Docket Entry 2, ¶ 11(b)(7) & (8); Docket Entry 6, Ex. 11.)

Petitioner then instituted this action via his Petition dated as signed on April 21, 2015. (Docket Entry 2.) Respondent has

---

[1] In fact, Petitioner's MAR asserted (at most) only the first two of the four claims ascribed to it in the Petition (i.e., improper refusal to remove appointed counsel and entry of an unknowing guilty plea). (Compare Docket Entry 6, Ex. 5, with Docket Entry 2, ¶ 11(a)(5).) The other two claims attributed to the MAR by the Petition (i.e., ineffective assistance of counsel and failure to apply new sentencing provisions) actually appear in a "Motion for Reconsideration of the Order Denying Defendant's Motion for Appropriate Relief" that Petitioner filed in the Superior Court on or about February 17, 2015. (See Docket Entry 6, Ex. 7.)

[2] Prior to filing that certiorari petition, by motion dated as signed on February 17, 2015, Petitioner asked the Superior Court to reconsider the denial of his MAR (which denial, as noted above, occurred on March 9, 2009). (See Docket Entry 6, Ex. 7; see also Docket Entry 2, ¶ 12(Ground One)(e), (Ground Two)(e), (Ground Three)(e), & (Ground Four)(e) (acknowledging filing on February 17, 2015, of "Motion for Reconsideration of the Order denying the MAR").) The Superior Court denied that reconsideration motion by order dated March 12, 2015. (Docket Entry 6, Ex. 8; see also Docket Entry 2, ¶ 12(Ground One)(e), (Ground Two)(e), (Ground Three)(e), & (Ground Four)(e) (reporting that Superior Court denied reconsideration motion on March 12, 2015).) Petitioner's certiorari petition purported to seek review of the Superior Court's denials of both the MAR and the reconsideration motion. (See Docket Entry 6, Ex. 9.)

moved to dismiss the Petition as untimely (Docket Entry 5) and Petitioner has responded (Docket Entry 8).

## II. Grounds for Relief

The Petition presents four grounds for relief. (Docket Entry 2, ¶ 12.) The first alleges that the Superior Court violated Petitioner's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution by refusing to allow Petitioner to discharge his appointed counsel and to retain counsel of his choosing. (Id., ¶ 12(Ground One).) The second asserts that Due Process Clause violations occurred (A) because of the unknowing nature of Petitioner's guilty plea (i.e., he understood he would receive a sentence at the bottom of the mitigated range, but he actually received a sentence in the presumptive range) and (B) because of the grossly disproportionate nature of the sentence imposed. (Id., ¶ 12(Ground Two).) The third states that Petitioner's counsel provided ineffective assistance in contravention of the Sixth Amendment to the United States Constitution, in that (A) his counsel labored under a conflict of interest and (B) his counsel failed to advocate for a sentence at the bottom of the mitigated range, as well as to lodge objections (i) to Petitioner's sentence, (ii) regarding his arrest, (iii) under Brady, and (iv) concerning exculpatory evidence. (Id., ¶ 12(Ground Three).) The fourth contends that the failure of the State to afford Petitioner the benefit of changes to state sentencing laws violates the Equal Protection Clause of the Fourteenth Amendment. (Id., ¶ 12(Ground Four).)

### III. Discussion

A one-year statute of limitations applies to federal habeas claims. 28 U.S.C. § 2244(d)(1). By statute:

> [t]he limitation period shall run from the latest of --
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Pursuant to Subparagraph (A), Petitioner's convictions became final on or about February 5, 2008 (i.e., 14 days after the Superior Court entered judgment, when his deadline to file notice of appeal passed, see N.C.R. App. P. 4(a)(2)). See Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012).[3] The federal limitations period then ran until at least January 14, 2009, when (as documented in Section I) Petitioner dated his MAR, at which time only 22 days of that one-year period remained. The filing of

---

[3] Because Petitioner pleaded guilty and received a sentence in the presumptive range (consistent with his plea agreement), he likely possessed no right to appeal. See State v. Smith, 193 N.C. App. 739, 741-42, 668 S.E.2d 612, 613-14 (2008) (enumerating limited appeal rights of defendants who plead guilty).

-4-

Petitioner's MAR tolled the deadline for any federal habeas claims for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). The Court thus must decide when Petitioner's MAR no longer remained "pending," within the meaning of Section 2244(d)(2), given that (as shown in Section I) the Superior Court denied that MAR on March 9, 2009, but Petitioner did not seek reconsideration or review of that denial until 2015 (i.e., approximately six years later).

Now-retired United States Magistrate Judge Russell A. Eliason provided a persuasive answer to this question in McConnell v. Beck, 427 F. Supp. 2d 578 (M.D.N.C. 2006). In that case, the state trial court denied the petitioner's MAR on September 22, 1995, and he did not seek review of the denial. Id. at 580. The petitioner later filed a federal habeas petition in January 2005, which the State challenged as time-barred. Id. Magistrate Judge Eliason began his analysis by noting that North Carolina law establishes no determinate time-limit for filing a petition for a writ of certiorari with the North Carolina Court of Appeals; rather, the applicable state procedural rule requires the filing of such petitions without "unreasonable delay[]," N.C.R. App. P. 21(e). See McConnell, 427 F. Supp. 2d at 580. Next, to determine when the federal limitations period resumed (following the trial-court-level denial of the petitioner's MAR), Magistrate Judge Eliason

-5-

Case 1:15-cv-00342-WO-LPA   Document 9   Filed 01/29/16   Page 5 of 10

looked to the Supreme Court's decision in Evans v. Chavis, 546 U.S. 189 (2006). McConnell, 427 F. Supp. 2d at 581.

In that case, the Supreme Court addressed California's collateral review process, which bears similarities to North Carolina's collateral review process, i.e., California also has adopted a reasonableness standard (rather than a specific deadline) for applications for appellate review in the post-conviction context. Evans, 546 U.S. at 191-92. The petitioner in Evans waited over three years after the trial-court-level denial of his state post-conviction petition to seek appellate review, with at least six months of that delay deemed unjustified or unexplained. Id. at 192, 195. The Supreme Court noted that most states have appeal periods ranging from 30 to 60 days, concluded that six months of unexplained delay exceeded what California would consider reasonable, and rejected the notion that "an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending.'" Id. at 201.

In light of Evans, Magistrate Judge Eliason stated:

> North Carolina has not defined what constitutes unreasonable delay for purposes of N.C.R. App. P. 21(e). The time for filing appeals in civil cases is thirty days and fourteen days for criminal cases. N.C.R. App. P. 3(c) & 4(a). The largest amount of time to seek appellate review is sixty days, and it is reserved for post-conviction appellate review of death penalty cases. N.C.R. App. P. 21(f). Therefore, it is unlikely that North Carolina would interpret N.C.R. App. P. 21(e) to extend beyond thirty days, except perhaps for brief, limited periods in very unusual circumstances, which do not arise in this case.

McConnell, 427 F. Supp. 2d at 582; see also Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999) (observing that state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)" (emphasis added)).

Based on that sound reasoning, the limitations period in this case remained tolled during the time permitted for Petitioner to seek appellate review of the Superior Court's denial of his MAR, i.e., 30 days. Giving Petitioner the benefit of those 30 days of tolling, the federal habeas limitations period began to run again on April 8, 2009, and expired on April 30, 2009, upon the passing of the remaining 22 days of that one-year period. Accordingly, under Subparagraph (A) of Section 2244(d)(1), Petitioner's filing of the Petition, on or about April 21, 2015, occurred nearly six years too late. Moreover, neither Petitioner's filing in the Superior Court (on or about February 17, 2015) of a "Motion for Reconsideration of the Order Denying [His MAR]" (Docket Entry 6, Ex. 7), nor his filing in the North Carolina Court of Appeals (no earlier than March 30, 2015) of a certiorari petition altered that fact. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (holding that state filings made after the federal limitations period expired do not restart or revive that one-year period).

Petitioner has not developed any argument that the delayed accrual options provided by Subparagraphs (B), (C), or (D) of

-7-

Section 2244(d)(1) apply to any of the claims in his Petition. (See Docket Entry 1, ¶ 18; Docket Entry 8.) Respondent, however, has acknowledged that Subparagraph (D) would appear to provide a later accrual date than Subparagraph (A) as to the sentencing-related claim(s) in Ground Four of the Petition. (See Docket Entry 6 at 7-8.) Nonetheless, Respondent correctly has noted that the state sentencing amendments identified by Petitioner took effect on December 1, 2009, and December 1, 2011, respectively. (See id.) Even treating December 1, 2011, as the accrual date for the claim(s) in Ground Four, Petitioner's one-year federal habeas limitations period for such claim(s) expired on December 1, 2012 (because he had no state collateral proceedings pending during that time-frame and thus received no tolling credit). In sum, contrary to the assertion in the Petition that it "[wa]s fil[ed] within the one year statute of limitation as indicated in the tolling for collateral attacks" (Docket Entry 2, ¶ 18), despite granting Petitioner the benefit of all available statutory tolling and the latest possible accrual date(s), his Petition remains untimely.

Petitioner's Response to Respondent's Motion to Dismiss does not contest any of the foregoing analysis or calculations; instead, it asserts that "the United States Supreme Court [has] drastically modif[ied] and create[d] exemption[s] for the one year statute[] of limitations law created in 1996 (AEDPA)." (Docket Entry 8 at 2.) In that regard, the Response appears to rely on Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), Trevino v. Thaler, ___ U.S. ___, 133 S. Ct. 1911 (2013), and McQuiggin v. Perkins, ___ U.S.

-8-

___, 133 S. Ct. 2151 (2013). (See Docket Entry 8 at 2-5.) Those decisions do not allow Petitioner to escape the time bar.

In Trevino and Martinez, the Supreme Court held that where petitioners, under state law or practice, cannot raise an ineffective assistance of counsel on direct appeal, the procedural default rule will not prevent a federal court from adjudicating such a claim if petitioners lacked effective counsel in the first state collateral proceeding. See Trevino, ___ U.S. at ___, 133 S. Ct. at 1921; Martinez, ___ U.S. at ___, 132 S. Ct. at 1320. Neither case even addressed statute of limitations issues. See Trevino, ___ U.S. at ___, 133 S. Ct. at 1911; Martinez, ___ U.S. at ___, 132 S. Ct. at 1309. Trevino and Martinez thus provide no assistance to Petitioner. See Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir.) (holding that Martinez and Trevino do not affect federal habeas statute of limitations), cert. denied, ___ U.S. ___, 135 S. Ct. 106 (2014); Wilson v. Perry, No. 1:14CV576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (Eagles, J.) ("*Martinez* and *Trevino* each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. Thus, *Martinez* and *Trevino* are inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations."), appeal dismissed, 588 F. App'x 216 (4th Cir. 2014), cert. denied sub nom., Wilson v. Joyner, ___ U.S. ___, 135 S. Ct. 2808 (2015).

Conversely, McQuiggin does recognize a potential exception to the one-year, federal habeas limitations period, but only where the

-9-

petitioner makes a showing of actual innocence. See McQuiggin, ___U.S. at ___, 133 S. Ct. at 1928. Moreover, the Supreme Court has described the circumstances sufficient to satisfy the actual innocence standard as "rare," and has held that the petitioner must demonstrate that no reasonable juror could find guilt beyond a reasonable doubt. Id. Here, Petitioner has offered no evidence of his innocence. (See Docket Entry 8.) As a result, he has failed to show that "'it is more likely than not that no reasonable juror would have convicted [him],'" McQuiggin, ___ U.S. at ___, 133 S. Ct. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see also Wilson, 2014 WL 4685405, at *2 ("[The petitioner's] conclusory claims now of actual innocence are insufficient to be credible, even at this preliminary stage.").[4]

### IV. Conclusion

The Petition is time-barred.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be granted, that the Petition (Docket Entry 2) be dismissed as untimely, and that judgment be entered dismissing this action without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 29, 2016

---

[4] To the extent Petitioner's Response requests equitable tolling of the statute of limitations based on his status as a pro se prisoner who lacks legal training and/or access to a law library (see Docket Entry 8 at 5), the Court should deny his request, see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Burgess v. Herron, No. 1:11CV420, 2011 WL 5289769, at *2 (M.D.N.C. Nov. 2, 2011) (unpublished), recommendation adopted, slip op. (M.D.N.C. Dec. 1, 2011).